UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RTS HOLDINGS, LLC D/B/A ROADONE INTERMODALOGISTICS ROADONE LOGISTICSOLUTIONS LLC | ) ) ) ) | Civil Action |
| | ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | **Demand for Jury Trial** |
| ROADONE TRANSPORTATION INC. D/B/A ROAD1 | ) ) ) | |
| Defendant. | ) ) ) ) | |

**COMPLAINT**

Plaintiff RTS Holdings, LLC d/b/a RoadOne Intermodalogistics, RoadOne Logisticsolutions LLC ("Plaintiff" or "RoadOne"), by and through its undersigned counsel, files this Complaint against RoadOne Transportation Inc. d/b/a Road1 ("Defendant" or "Road1") for trademark infringement under federal, state, and common law, and false designation of origin and unfair competition under federal and common law, and alleges as follows:

**NATURE OF THE CASE**

1.      This is an action for willful federal trademark infringement, false designation of origin, and unfair competition arising under the federal Lanham Act, the common law, and related Pennsylvania state laws.  RoadOne owns exclusive rights in trademarks comprised of or containing the term "ROADONE" (the "ROADONE Marks") for logistics, supply management, and comprehensive freight transportation services.  Defendant is using the mark "ROAD1" (the "Infringing Mark"), which is identical and/or confusingly similar to the ROADONE Marks, in connection with identical or closely related services, namely, the shipment of automobiles and

1

logistics services related thereto.  Defendant's conduct is likely to cause confusion, constitutes trademark infringement, false designation of origin, and unfair competition, and is harming consumers and RoadOne's business, reputation, and goodwill.  RoadOne has notified Defendant of RoadOne's rights and Defendant's infringing conduct.  RoadOne has further demanded that Defendant stop using the Infringing Mark.  However, Defendant has continued to infringe RoadOne's trademark rights in willful disregard of RoadOne's intellectual property rights and the law.

2.       RoadOne now seeks injunctive relief and monetary damages for Defendant's trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and violations of related state law and the common law arising from Defendant's wrongful and unlawful use of the Infringing Mark and its infringement of RoadOne's intellectual property rights.

## THE PARTIES

3.       Plaintiff RoadOne is a Delaware limited liability company with its principal place of business at 1 Kellaway Drive, Randolph, MA 02368-5074.

4.       Upon information and belief, Defendant Road1 is a Pennsylvania corporation with its principal place of business at 10901 Nandina Ct., Philadelphia, PA 19116.

## JURISDICTION AND VENUE

5.       This is an action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*.  This Court has original subject matter jurisdiction over the claims set forth herein pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a).  This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant's headquarters are located in Pennsylvania; Defendant conducts business in Pennsylvania; Defendant has committed trademark infringement in Pennsylvania; and Defendant advertises, markets, offers for sale, and sells services under the Infringing Mark in Pennsylvania and directly to Pennsylvania consumers.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and RoadOne has been harmed, and is likely to continue to be harmed, in this District.  Further, Defendant conducts business and has committed trademark infringement in this District.  Moreover, venue is proper in this District because Defendant is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

### A.  RoadOne, Its Services, and Its ROADONE Mark

8.      RoadOne, founded in 2012, is an industry leader in the field of logistics and transportation services, and has been recognized as North America's premier full-service intermodal transportation and logistics provider.

9.      For more than a decade, RoadOne has provided transportation, warehousing, and logistics solutions to customers throughout the United States, and has operating authorization under the Federal Motor Carrier Safety Administration ("FMCSA") as both a broker and a motor carrier.  RoadOne is dedicated to providing the highest quality of service to its customers and is a proud member of groups and associations devoted to the advancement and improvement of the transportation and logistics industry through collaboration, advocacy, and education, including the Coalition for Responsible Transportation, the Intermodal Association of North America, and the Transportation Intermediaries Association.

10. As detailed below, RoadOne is the owner of all right, title, and interest in and to the ROADONE Marks in connection with logistics, supply management, and comprehensive freight transportation services in Classes 35 and 39.

11. RoadOne's exclusive rights in its ROADONE Marks have been recognized by the United States Patent and Trademark Office ("USPTO"), which has issued the following trademark registrations to RoadOne:

| Trademark | Reg. No. | Reg. Date | Classes | First Use |
|---|---|---|---|---|
| ROADONE | 4,499,316 | 03/18/2014 | 35 | 1/1/2013 |
| ROADONE | 4,499,313 | 03/18/2014 | 39 | 1/1/2013 |
| ROADONE INTERMODALOGISTICS | 4,499,314 | 03/18/2014 | 35, 39 | 1/1/2013 |
| ROADONE INTERMODALOGISTICS & Design  | 4,499315 | 03/18/2014 | 35, 39 | 1/1/2013 |

12. In particular, RoadOne's Registration No. 4,499,316 for the mark "ROADONE"; Registration No. 4,499,314 for the mark "ROADONE INTERMODALOGISTICS"; and Registration No. 4,499,315 for the mark "ROADONE INTERMODALOGISTICS & Design" cover "Business management services, namely, managing logistics, reverse logistics, supply chain services, and product distribution processes for others; freight logistics management" in Class 35, while RoadOne's Registration No. 4,499,313 for the mark "ROADONE"; Registration No. 4,499,314 for the mark "ROADONE INTERMODALOGISTICS"; and Registration No. 4,499,315 for the mark "ROADONE INTERMODALOGISTICS & Design" cover "Transportation of containerized freight by truck; freight forwarding; freight warehousing, freight distribution in the nature of delivery, freight transloading and product container consolidation for others for transportation purposes; supply chain logistics and reverse logistics services, namely,

4

storage, transportation and delivery of documents, packages, raw materials, and other freight for others by truck; cargo loading and unloading; freight brokerage" in Class 39.

13.    RoadOne's Registrations for the ROADONE Marks are valid, subsisting, and incontestable.  These registrations provide conclusive evidence of RoadOne's ownership of these marks, the validity of these marks, and RoadOne's exclusive right to use these marks in commerce. True and correct copies of RoadOne's U.S. Registration Certificates for the ROADONE Marks are attached hereto as **Exhibit 1**.

14.    RoadOne also holds longstanding common law rights in the ROADONE Marks throughout the Untied States, having used the ROADONE Marks in interstate commerce for more than a decade.

15.    RoadOne has priority in the ROADONE Marks over Defendant due to both its prior federal trademark registrations and because of its longstanding and continuous use of the ROADONE Marks in connection with logistics, supply management, and comprehensive freight transportation services since at least as early as January 2013.

16.    For more than a decade, RoadOne has prominently used, advertised, marketed, and promoted, in interstate commerce, the ROADONE Marks in connection with comprehensive logistics services, including freight logistics management, supply chain services, reverse logistics, and product distribution processes, along with shipping and transportation services.  RoadOne advertises these services in connection with the ROADONE Marks online via its website, accessible at https://www.roadone.com/, and through social media platforms, such as Instagram. Examples of RoadOne's advertising and use of the ROADONE Marks are attached hereto as **Exhibit 2**.

17.     As a result of RoadOne's widespread and extensive use, advertising, marketing, and promotion, the ROADONE Marks have become well-known and distinctive indicators of RoadOne's services and are widely recognized by consumers as distinctive symbols of RoadOne's business, reputation, and goodwill.  The ROADONE Marks are therefore incredibly valuable assets of RoadOne.

B.  **Defendant's Infringing and Unlawful Conduct**

18.     Upon information and belief, despite RoadOne's prior and well-established statutory and common law rights in the ROADONE Marks, and without authorization from RoadOne, Defendant adopted and is using the "ROAD1" Mark (the "Infringing Mark") in connection with the shipment of automobiles and logistics services related thereto (the "Infringing Services").

19.     Defendant's Infringing Mark is identical or closely similar to Plaintiff's ROADONE Marks.  Indeed, the mark ROAD1 is identical in sound and meaning to ROADONE, and is virtually identical visually, as it merely replaces the word "ONE" with the numeral "1."

20.     Defendant's Infringing Services are identical and/or closely related to RoadOne's services offered under the ROADONE Marks.  Specifically, Defendant uses the Infringing Mark in connection with automobile shipment services and logistics services related thereto, which are either identical or closely related to RoadOne's logistics, shipping, and comprehensive transportation services.   Indeed, like Plaintiff, Defendant is registered with the FMCSA as a broker, which highlights the identical and/or closely similar nature of the services offered by the parties under their respective trademarks.

21.     Plaintiff and Defendant advertise their services through similar channels of trade, including the Internet and social media platforms.  Defendant's website www.roads1.com uses a

6

domain name -- <roads1.com> -- that is virtually identical to Plaintiff's ROADONE Marks and Plaintiff's website www.roadone.com. Examples of Defendant's advertising and use of the Infringing Mark are attached hereto as **Exhibit 3**.

22.     On January 5, 2025, RoadOne objected to Defendant's unauthorized use of the Infringing Mark by sending Defendant a cease-and-desist letter, which put Defendant on notice of Plaintiff's rights in the ROADONE Marks. However, Defendants have refused to comply with Plaintiff's demands and have instead continued to use the Infringing Mark, without authorization. A copy of RoadOne's cease-and-desist letter to Defendant is attached hereto as **Exhibit 4**.

23.     Defendant's use of the Infringing Mark in connection with the Infringing Services will inevitably cause confusion, mistake, and deception among consumers by leading customers to erroneously believe that Defendant's Infringing Services are offered by, sponsored by, or otherwise affiliated with RoadOne, when in fact they are not.

24.     Defendant knew or should have known that its use of the Infringing Mark in connection with the Infringing Services was likely to cause consumer confusion or mistake as to RoadOne's affiliation, sponsorship, or association with RoadOne and its logistics, supply management, and comprehensive freight transportation services. In fact, upon information and belief, Defendant has falsely represented to the public that Defendant and the services it offers under the Infringing Mark are affiliated, authorized, or endorsed by Plaintiff, when such is not the case.

25.     RoadOne has been harmed by Defendant, at least because Defendant's infringing conduct has diminished the value of the ROADONE Marks and has resulted in irreparable damage to RoadOne's business, reputation, and goodwill.

## COUNT I
### (Trademark Infringement in Violation of 15 U.S.C. § 1114)

26.     RoadOne repeats and incorporates by reference each and every allegation contained in Paragraphs 1-25 above, as though fully set forth herein.

27.     RoadOne owns prior rights in the ROADONE Marks in connection with, *inter alia*, logistics, supply management, and comprehensive freight transportation services, as detailed above.

28.     RoadOne's federal registrations for the ROADONE Marks are valid, subsisting, and incontestable, which provide conclusive evidence of RoadOne's exclusive rights to use the ROADONE Marks in commerce.

29.     Defendant's use of its Infringing Mark is likely to cause, or is actually causing, confusion, mistake, and deception among consumers with respect to the source and quality of the Infringing Services at least because the marks are identical or otherwise confusingly similar, used in similar manners, and used in connection with identical or closely related services that are marketed, advertised, and promoted to identical target consumers.

30.     Upon information and belief, Defendant deliberately, knowingly, and willfully engaged in the infringing conduct described herein, or otherwise should have known that its use of the Infringing Mark would cause confusion, mistake, and deception among consumers with respect to the source and quality of the Infringing Services as erroneously related to RoadOne and the ROADONE Marks.

31.     Defendant's actions are likely to directly and proximately cause, or have directly and proximately caused, consumer confusion and irreparable harm and injury to RoadOne and its reputation and goodwill, all of which will continue unless enjoined by this Court.

32.     Defendant's use of the Infringing Mark in connection with the Infringing Services constitutes trademark infringement of the ROADONE Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33.     RoadOne has no adequate remedy at law and is therefore entitled to permanent injunctive relief against Defendant.

34.     RoadOne is further entitled to all remedies available under 15 U.S.C. § 1117, including recovery of Defendant's profits, damages sustained by RoadOne proven to have been caused by Defendant's conduct; RoadOne's attorneys' fees and costs; and any other remedies that the Court may deem proper, including enhanced damages due to Defendant's willful infringement.

## COUNT II
### (False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a))

35.     RoadOne repeats and incorporates by reference each and every allegation contained in Paragraphs 1-34 above, as though fully set forth herein.

36.     RoadOne owns and has prior rights in the ROADONE Marks in connection with, *inter alia*, logistics, supply management, and comprehensive transportation freight services, as detailed above.

37.     The ROADONE Marks are valid, inherently distinctive, and protected as common law trademarks by virtue of RoadOne's longtime use of such marks in interstate commerce.

38.     RoadOne engages in interstate activities designed to promote, advertise, offer for sale, and sell its services throughout the United States.

39.     Defendant's Infringing Mark is identical or otherwise confusingly similar to the ROADONE Marks.

40.     Defendant has promoted, distributed, marketed, and used the Infringing Mark in commerce.

41.    Defendant's unauthorized use in commerce of the Infringing Mark constitutes false representations to consumers that Defendant is affiliated with RoadOne in some capacity and that Defendant's Infringing Services originate from the same source as RoadOne's services.  As a result, Defendant is misrepresenting the nature, characteristics, and qualities of its services in violation of 15 U.S.C. § 1125(a).

42.    Defendant's Infringing Mark is identical or otherwise confusingly similar to the ROADONE Marks.

43.    Defendant has promoted, distributed, marketed, and used the Infringing Mark in commerce.

44.    Defendant's use of its Infringing Mark is likely to cause, or is actually causing, confusion, mistake, and deception among consumers with respect to the source and quality of the Infringing Services at least because the marks are practically identical, used in similar manners, and used in connection with identical or closely related services that are marketed, advertised, and promoted to identical target consumers.

45.    Defendant has used, and is continuing to use, the Infringing Mark with full knowledge of RoadOne's trademark rights in the ROADONE Marks and after RoadOne's objection to Defendant's continued use of the Infringing Mark.  Upon information and belief, Defendant's actions are with the intent and purpose of trading upon RoadOne's reputation and goodwill, and Defendant's conduct is therefore willful and deliberate.

46.    Defendant's actions are likely to directly and proximately cause, or have directly and proximately caused, consumer confusion and irreparable harm and injury to RoadOne, including damage to RoadOne's reputation and goodwill, all of which will continue unless enjoined by this Court.

47.     Defendant's unauthorized use of the Infringing Mark in connection with the Infringing Services constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

48.     RoadOne has no adequate remedy at law and is therefore entitled to permanent injunctive relief against Defendant.

49.     RoadOne is further entitled to all remedies available under 15 U.S.C. § 1116, including recovery of Defendant's profits, damages sustained by RoadOne proven to have been caused by Defendant's conduct; RoadOne's attorneys' fees and costs; and any other remedies that the Court may deem proper.

## COUNT III
### (Trademark Infringement in Violation of 54 Pa. C.S.A. § 1123)

50.     RoadOne repeats and incorporates by reference each and every allegation contained in Paragraphs 1-49 above, as though fully set forth herein.

51.     RoadOne owns prior rights in the ROADONE Marks in connection with, *inter alia*, logistics, supply management, and comprehensive freight transportation services, as detailed above.

52.     RoadOne's federal registrations for the ROADONE Marks are valid, subsisting, and incontestable, which provide conclusive evidence of RoadOne's exclusive rights to use the ROADONE Marks in commerce.

53.     Defendant's Infringing Mark is identical or otherwise confusingly similar to the ROADONE Marks.

54.     Defendant has promoted, distributed, marketed, and used the Infringing Mark in commerce.

55.     Defendant's use of its Infringing Mark is likely to cause, or is actually causing, confusion, mistake, and deception among consumers with respect to the source and quality of the Infringing Services at least because the marks are identical or otherwise confusingly similar, used in similar manners, and used in connection with identical or closely related services that are marketed, advertised, and promoted to identical target consumers.

56.     Upon information and belief, Defendant deliberately, knowingly, and willfully engaged in the infringing conduct described herein, or otherwise should have known that its use of the Infringing Mark would cause confusion, mistake, and deception among consumers with respect to the source and quality of the Infringing Services as erroneously related to RoadOne and the ROADONE Marks

57.     Defendant's actions are likely to directly and proximately cause, or have directly and proximately caused, consumer confusion and irreparable harm and injury to RoadOne and its reputation and goodwill, all of which will continue unless enjoined by this Court.

58.     Defendant's use of the Infringing Mark in connection with the Infringing Services constitutes trademark infringement of the ROADONE Marks in violation of 54 Pa. C.S.A. § 1123.

59.     RoadOne has no adequate remedy at law and is therefore entitled to permanent injunctive relief against Defendant.

60.     RoadOne is further entitled to all remedies available under 54 Pa. C.S.A. § 1123, including recovery of Defendant's profits, damages sustained by RoadOne proven to have been caused by Defendant's conduct; RoadOne's attorneys' fees and costs; and any other remedies that the Court may deem proper, including enhanced damages due to Defendant's willful infringement.

## COUNT IV
## Common Law Trademark Infringement

61.    RoadOne repeats and incorporates by reference each and every allegation contained in Paragraphs 1-60 above, as though fully set forth herein.

62.    RoadOne owns prior rights in the ROADONE Marks in connection with, *inter alia*, logistics, supply management, and comprehensive freight transportation services, as detailed above.

63.    RoadOne's federal registrations for the ROADONE Marks are valid, subsisting, and incontestable, which provide conclusive evidence of RoadOne's exclusive rights to use the ROADONE Marks in commerce.

64.    Defendant's Infringing Mark is identical or otherwise confusingly similar to the ROADONE Marks.

65.    Defendant has promoted, distributed, marketed, and used the Infringing Mark in commerce.

66.    Defendant's use of its Infringing Mark is likely to cause, or is actually causing, confusion, mistake, and deception among consumers with respect to the source and quality of the Infringing Services at least because the marks are identical or confusingly similar, used in similar manners, and used in connection with identical or closely related services that are marketed, advertised, and promoted to identical target consumers.

67.    Upon information and belief, Defendant deliberately, knowingly, and willfully engaged in the infringing conduct described herein, or otherwise should have known that its use of the Infringing Mark would cause confusion, mistake, and deception among consumers with respect to the source and quality of the Infringing Services as erroneously related to RoadOne and the ROADONE Marks.

68.     Defendant's actions are likely to directly and proximately cause, or have directly and proximately caused, consumer confusion and irreparable harm and injury to RoadOne, both of which will continue unless enjoined by this Court.

69.     Defendant's use of the Infringing Mark in connection with the Infringing Services constitutes common law trademark infringement of the ROADONE Marks.

70.     RoadOne has no adequate remedy at law and is therefore entitled to permanent injunctive relief against Defendant.

71.     RoadOne is further entitled to all remedies available under Pennsylvania common law, including recovery of Defendant's profits, damages sustained by RoadOne proven to have been caused by Defendant's conduct; RoadOne's attorneys' fees and costs; and any other remedies that the Court may deem proper, including enhanced damages due to Defendant's willful infringement.

## COUNT V
## Common Law Unfair Competition

72.     RoadOne repeats and incorporates by reference each and every allegation contained in Paragraphs 1-71 above, as though fully set forth herein.

73.     RoadOne owns and has prior rights in the ROADONE Marks in connection with, *inter alia*, logistics, supply management, and comprehensive transportation freight services, as detailed above.

74.     The ROADONE Marks are valid, inherently distinctive, and protected as common law trademarks by virtue of RoadOne's longtime use of such marks in interstate commerce.

75.     RoadOne engages in interstate activities designed to promote, advertise, offer for sale, and sell its services throughout the United States.

76.     Defendant's Infringing Mark is identical or otherwise confusingly similar to the ROADONE Marks.

77.     Defendant has promoted, distributed, marketed, and used the Infringing Mark in commerce.

78.     Defendant's unauthorized use in commerce of the Infringing Mark constitutes false representations to consumers that Defendant is affiliated with RoadOne in some capacity and that Defendant's Infringing Services originate from the same source as RoadOne's services.  As a result, Defendant is misrepresenting the nature, characteristics, and qualities of its services in violation of the common law.

79.     Defendant's Infringing Mark is identical or otherwise confusingly similar to the ROADONE Marks.

80.     Defendant has promoted, distributed, marketed, and used the Infringing Mark in commerce.

81.     Defendant's use of its Infringing Mark is likely to cause, or is actually causing, confusion, mistake, and deception among consumers with respect to the source and quality of the Infringing Services at least because the marks are practically identical, used in similar manners, and used in connection with identical or closely related services that are marketed, advertised, and promoted to identical target consumers.

82.     Defendant has used, and is continuing to use, the Infringing Mark with full knowledge of RoadOne's trademark rights in the ROADONE Marks and after RoadOne's objection to Defendant's continued use of the Infringing Mark.  Upon information and belief, Defendant's actions are with the intent and purpose of trading upon RoadOne's reputation and goodwill, and Defendant's conduct is therefore willful and deliberate.

83.     Defendant's actions directly and proximately have caused, and will continue to cause, consumer confusion and irreparable harm and injury to RoadOne, including damage to RoadOne's reputation and goodwill, all of which will continue unless enjoined by this Court.

84.     Defendant's unauthorized use of the Infringing Mark in connection with the Infringing Services constitutes common law unfair competition.

85.     RoadOne has no adequate remedy at law and is therefore entitled to permanent injunctive relief against Defendant.

86.     RoadOne is further entitled to all remedies available under Pennsylvania common law, including recovery of Defendant's profits, damages sustained by RoadOne proven to have been caused by Defendant's conduct; RoadOne's attorneys' fees and costs; and any other remedies that the Court may deem proper.

## PRAYER FOR RELIEF

WHEREFORE, RoadOne prays for judgment in its favor and against Defendant, providing the following relief:

1.      An Order declaring that RoadOne has prior rights in the ROADONE Marks and that Defendant's use of the Infringing Mark infringes the ROADONE Marks and constitutes trademark infringement, false designation of origin, and unfair competition under federal, state, and/or common law, as detailed herein;

2.      An Order finding that, (i) as to Count I, Defendant's unauthorized offer for sale and/or sale of the Infringing Services under the Infringing Mark infringes RoadOne's registered ROADONE Marks, in violation of 15 U.S.C. § 1114; (ii) as to Count II, Defendant's unauthorized offer for sale and/or sale of the Infringing Services under the Infringing Mark constitutes a false designation of origin and unfair competition, in violation of 15 U.S.C. § 1125(a); (iii) as to Count

III, Defendant's unauthorized offer for sale and/or sale of the Infringing Services under the Infringing Mark infringes RoadOne's registered ROADONE Marks, in violation of 54 Pa. C.S.A. § 1123; (iv) as to Count IV, Defendant's unauthorized offer for sale and/or sale of the Infringing Services under the Infringing Mark infringes RoadOne's ROADONE Marks, in violation of Pennsylvania common law; and (v) as to Count V, Defendant's unauthorized offer for sale and/or sale of the Infringing Services under the Infringing Mark constitutes unfair competition under Pennsylvania common law.

3.      An injunction permanently enjoining Defendant, each of its directors, officers, agents and employees, successors and assigns, and all others in privity and acting in concert with it from:

      a.  Using anywhere in the United States, applying to register in the United States, or maintaining a registration in the United States for the Infringing Mark, or any trademark that is confusingly similar to the ROADONE Marks;

      b.  Reproducing, displaying, or otherwise using the Infringing Mark, the ROADONE Marks, or any other trademark or design similar to the ROADONE Marks;

      c.  Engaging in any conduct that implies or suggests that RoadOne approves, endorses, licenses, sponsors, or is in any way affiliated with Defendant and/or its services;

      d.  Unfairly competing with RoadOne or otherwise disturbing or injuring RoadOne's business, reputation, or goodwill in any manner;

      e.  Engaging in any deceptive trade practices by offering services under the Infringing Mark, the ROADONE Marks, or any other trademark or design similar to the ROADONE Marks;

  f. Misrepresenting, deceiving, or otherwise acting in a manner to deceive the public into believing its services are affiliated with RoadOne; and

  g. Otherwise infringing RoadOne's trademarks;

4. An Order requiring Defendant to destroy or deliver up for destruction all labels, packaging, advertisements, and any and all other materials that display the Infringing Mark or marks similar thereto;

5. An Order requiring Defendant to transfer to Plaintiff the infringing domain name <roads1.com> and any other domain names containing or comprised of the Infringing Mark or marks similar thereto;

6. An Order directing that Defendant take affirmative steps in the United States to remedy false impressions that have been created by Defendant's use of the Infringing Mark, including, but not limited to, issuing corrective advertising;

7. An Order directing that Defendant account and pay to RoadOne, its profits and any damages sustained by RoadOne caused by Defendant's acts of trademark infringement, false designation of origin, and/or unfair competition;

8. An Order requiring that Defendant pay to RoadOne punitive damages, not to exceed three times Defendant's profits and damages, for knowingly, deliberately, and/or willfully committing trademark infringement pursuant to 15 U.S.C. § 1114 and 54 Pa. C.S.A. § 1125;

9. An Order requiring that Defendant pay to RoadOne its costs, including its reasonable attorneys' fees and disbursements in this action pursuant to 15 U.S.C. § 1117, 54 Pa. C.S.A. § 1125, and the common law;

10.     An Order requiring that Defendant file, with this Court, and serve upon RoadOne, within thirty (30) days after entry of the order of judgment, a report, in writing and under oath, setting forth the manner and form of Defendant's compliance with this Court's order;

11.     Any other relief that this Court may deem just, equitable, and proper.

**<u>JURY DEMAND</u>**

RoadOne respectfully requests a trial by jury on all causes of action so triable.

Dated:  February 18, 2025                              Respectfully submitted,

                                        /s/    Laura E. Zell
                                        Laura E. Zell (Bar No. 320538)
                                        Ross Q. Panko (motion for admission *pro hac vice* forthcoming)
                                        Elizabeth H. Denning (motion for admission *pro hac vice* forthcoming)
                                        ArentFox Schiff LLP
                                        1717 K Street, NW
                                        Washington, DC 20006-5344
                                        (P) (202) 857-6090
                                        (F) (202) 857-6395
                                        laura.zell@afslaw.com
                                        ross.panko@afslaw.com
                                        elizabeth.denning@afslaw.com

                                        *Counsel for Plaintiff*